UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00756-SEB-DLP |
| | ) | |
| BYRAN DOBBS Warden of the Edinburgh | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion to Dismiss Petition for Writ of Habeas Corpus**

Richard Allen Mitchell's petition for a writ of habeas corpus challenges the calculation of his credit time under Indiana's recently created Case Plan Credit Time (CPCT) program. The respondent has moved to dismiss the petition for failure to exhaust available state court remedies. Dkt. 9. For the reasons discussed in this Order, the respondent's motion to dismiss is **granted**, Mr. Mitchell's petition is **dismissed without prejudice**, and a certificate of appealability **shall not issue**.

## I.      Exhaustion Requirement

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

Indiana courts have made clear that an inmate must use the state's post-conviction procedures to challenge the calculation of their credit time. In *Young v. State*, the Indiana Supreme Court held that an inmate challenging the denial of educational credit time must do so by first

exhausting any relevant prison administrative grievance procedures and then filing a petition for post-conviction relief. 888 N.E.2d 1255, 1256-57 (Ind. 2008). If he has previously sought post-conviction relief on his conviction or sentence, he would need to file for permission to pursue a successive petition. *Id.* The Indiana Court of Appeals has applied *Young* in cases where inmates challenge the calculation of their good time credit. *See Modlin v. State*, 119 N.E.3d 237, 2018 WL 6814701, *2-3 (Ind. Ct. App. 2018) ("[T]he proper vehicle for Modlin to raise any credit-time claim is a post-conviction proceeding.").

## II.    Discussion

Mr. Mitchell has not shown that he has exhausted his credit time claim in Indiana state courts by pursuing a petition for post-conviction relief. A search of Indiana's online database reveals that he withdrew a post-conviction petition without prejudice in the state trial court on March 24, 2014.[1] His argument that the Indiana Court of Appeals denied another inmate's request to file a successive petition for post-conviction relief to litigate a credit time issue is irrelevant to Mr. Mitchell's circumstances. He did not need to seek permission to file a successive petition for post-conviction relief because his first petition was never adjudicated on the merits. In another case cited by Mr. Mitchell, the petitioner—Robert Childers—has been permitted to include his credit time claim in his pending petition for post-conviction relief. *Childers v. State*, 73C01-1811-F2-000012 (Shelby Circuit Court July 5, 2022) (Mr. Childers "may proceed with the post-conviction petition he filed on September 1, 2021, in Cause No. 73C01-2109-PC-000006 and raise any issues including the credit time issue in that proceeding.") (available in the record at dkt. 19-2).

---

[1] *State v. Mitchell*, 43C01-0308-FB-000122, available at mycase.in.gov (last visited August 17, 2022).

"A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). Mr. Mitchell has not shown either that he has exhausted available state court remedies or that such remedies are unavailable.

### III.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Mitchell has not exhausted his claim in state court. The Court therefore **denies** a certificate of appealability.

### IV.    Conclusion

The respondent's motion to dismiss, dkt. [9], is **granted** and Mr. Mitchell's petition is **dismissed without prejudice**. A certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Date: 08/25/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael K. Ausbrook
mausbrook@gmail.com

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

4